**Fred KNOX, Plaintiff–Appellant,**

v.

**Patrick R. DONAHOE, Postmaster General, Defendant–Appellee.**

No. 12–16163.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 4, 2013.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Fred Knox appeals pro se from the district court's judgment dismissing his employment action alleging discrimination, harassment, and retaliation in violation of federal anti-discrimination laws. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a pre-filing review order, *In re Fillbach,* 223 F.3d 1089, 1090–91 (9th Cir.2000), and review de novo a dismissal under Fed.R.Civ.P. 12(b)(6), *Wood v. City of San Diego,* 678 F.3d 1075, 1080 (9th Cir.2012). We affirm.

The district court did not abuse its discretion by dismissing Knox's action because Knox conceded at a hearing that his complaint encompassed alleged discrimination starting in 1995, which was within the scope of the pre-filing review order, dated December 22, 2003, and he failed to comply with the pre-filing requirements. *See In re Fillbach,* 223 F.3d at 1090–91.

To the extent that Knox alleged a retaliation claim based on events after 2003, the district court properly dismissed for failure to state a claim under Rule 12(b)(6). *See Johnson,* 534 F.3d at 1121–22 (identifying circumstances warranting dismissal for failure to state a claim under Rule 12(b)(6)); *Ray v. Henderson,* 217 F.3d 1234, 1240, 1242–43, 1245 (9th Cir.2000) (setting forth the elements of prima facie case of retaliation, including "adverse employment action" requirement, and of re-

taliatory harassment under Title VII); *see also Poland v. Chertoff,* 494 F.3d 1174, 1179–80 & n. 1 (9th Cir.2007) (discussing the elements of a retaliation claim under the Age Discrimination in Employment Act).

We decline to consider Knox's contentions regarding the validity of the pre-filing review order because we reviewed and affirmed the order in a prior appeal. *See Knox v. Potter,* 130 Fed.Appx. 918 (9th Cir.2005).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).